

14 WALL STREET, SUITE 5H
NEW YORK, NY 10005
DIRECT DIAL: (212) 589-7520
MAIN: (212) 839-7000
FACSIMILE: (212) 466-0514
WWW.HILLBETTS.COM

June 24, 2021

*Via ECF*

Honorable John P Cronan
United States District Court Judge
Southern
District of New York
United States Courthouse
500 Pearl Street Rm. 1320
New York, New York 10007

          **Re:**    Marianela Susana v. NY Waterway Tours LLC et al.
                  1:20-cv-00455
                  HBN File No. 18.0049

Dear Judge Cronan,

    We represent the Defendants and write to you, pursuant to Local Rule 37.2 and your Honor's Individual Rule 6A, respectfully requesting an informal conference with the Court for a pre-motion discovery conference in anticipation of Defendants' intention to file a motion to compel Plaintiff's deposition and stay discovery until her deposition is had. The undersigned counsel certifies that a good faith effort has been made in an attempt to resolve this issue but was unsuccessful.

    On April 22, 20201 counsel attempted to depose Plaintiff. Plaintiff appeared at the deposition remotely by cell phone. To put it politely, the deposition was a complete disaster. To begin, Plaintiff is an elderly woman who did not have an understanding of how to use the phone. The internet connection was so poor that Plaintiff's iPhone constantly froze. In addition, she was dropped from the Zoom conference a minimum of 10 times.

In addition, Plaintiff's daughter and two teenage grandsons were in the apartment with her and appeared on the iPhone during the deposition on multiple occasions. Plaintiff had to be reminded at the deposition not to have her daughter or grandsons provide her assistance in responding to the questions posed.

In any event, Counsel attempted for two hours to obtain Plaintiff's testimony. However, the deposition had to be adjourned due to the issues aforementioned and due to Plaintiff's needing the phone for personal use.

On May 26th Counsel sent an email to Plaintiff's requesting his client's Covid-19 vaccination status and stated:

> *I am planning on noticing both their depositions in person due to how your client's deposition went last time. My building has a large conference office which I can reserve where the three of us plus a vaccinated translator can all be spread out. We can even have the court reporter record via zoom to ensure one less person.*

See attached Exhibit 1.

After a week, Defendants had not received a response from Plaintiff's counsel so the undersigned noticed Plaintiff and her daughter's deposition for June 24th and July 1st respectively. Both were noticed to be held in person at the offices of Defense Counsel. See attached Exhibit 2.

On June 23rd the undersigned received an email from Plaintiff's counsel's office stating Plaintiff was ready to go forward with her "virtual" deposition. The undersigned immediately responded that the notice was for an in person deposition and provided the email thread dating back to May 26th. Plaintiff's counsel responded that he "does not agree to in person deposition" and that he was "is willing to have a conference with the court tomorrow morning."

After another email exchange, Plaintiff's counsel, at 4:53 p.m., the day before the noticed deposition of his client's deposition, notified the undersigned that neither he nor his client would

attend the deposition. The undersigned responded that Plaintiff's failure to appear would force Defendants to file a motion to compel. At 6:27 p.m., after a day's worth of email exchanges, Plaintiff's counsel first notified the undersigned that he had strep throat, underwent two Covid tests this past week and he was uncomfortable with attending an in person deposition. Moreover, his email stated that he had not notified his client that the deposition was noticed to be held in person and nor would he ask his client to attend an in person deposition.

Needless to say, Plaintiff did not appear at her noticed deposition. As such, with discovery winding down, Defendants wish to make a motion to compel Plaintiff's in person deposition and stay discovery until it is had. The Parties have the ability to conduct a safe and responsible in person deposition. Defendants simply cannot agree to depose the Plaintiff remotely, as they would be severely prejudiced if Plaintiff is again allowed to be in her residence with her relatives coaching her testimony. Plaintiff's burden is a mere 40 minute ride on the 4 Train and sitting in a large conference room with three masked and vaccinated persons.

If needed, Defendants propose a briefing schedule of 3 business days from when ordered to serve moving papers; 3 business days for Plaintiff to serve his response and 3 business days for any reply if necessary.

Plaintiff shall respond to Defendants' letter by July 8, 2021.

SO ORDERED.

Date: July 6, 2021
New York, New York

JOHN P. CRONAN
United States District Judge

Very Truly Yours,

HILL, BETTS & NASH LLP.

Patrick O'Connor

{NY237049.1} 3

PJO/sas

cc: *All Counsel via ECF*